

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. 3:14-03652-MGL |
| § | |
| SARAH HALL; CYNTHIA HALL; RAY HALL; and RUDOLPH FERGUSON, § § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This case was filed as a declaratory judgment action. The Court has jurisdiction over the matter under 28 U.S.C. § 2201 and 28 U.S.C. § 1332. Pending before the Court is Plaintiff State Farm Fire and Casualty Company's motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Plaintiff's motion for summary judgment will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

On March 21, 2011, Defendant Rudolph Ferguson was walking on Assembly Street in Columbia, South Carolina, when Defendant Sarah Hall (Daughter) collided with a parked car, which in turn struck and injured Defendant Ferguson. ECF No. 45 at 3. Daughter was driving a 2001

Chevrolet Blazer, which was owned and titled in the name of her mother, Defendant Cynthia Hall (Mother).  ECF No. 33-1 at 2.  The 2001 Blazer was insured by a liability insurance policy through Old Dominion in an amount equal to the South Carolina minimum limits of $25,000/$50,000/$25,000.  *Id.*

Only Daughter used the 2001 Blazer.  *Id.* at 9.  Further, Daughter performed routine maintenance on the vehicle.  *Id.*  However, her father, Defendant Ray Hall (Father), handled all insurance matters related to the 2001 Blazer.  ECF No. 45 at 3.

At the time of the accident, Father owned three other vehicles that were separately insured under policies with Plaintiff: a 1996 Chevrolet C3500, a 2001 Ford F150, and a 2006 Volvo S80.  *Id.*  All three policies contain identical language in the Liability Coverage sections.  ECF No. 33-1 at 3.  Father also had purchased a Personal Liability Umbrella Policy (PLUP) policy from Plaintiff prior to the wreck.  *Id.*

The automobile liability insurance policies provided by Plaintiff set forth, in relevant part, the following provisions:

**LIABILITY COVERAGE**

*Insured* means:

1. *you and your resident relatives*
    a. the ownership, maintenance, or use of:
        (1) *your car*;
        (2) *a newly acquired car*;
        (3) *a trailer*, and
    b. the maintenance or use of:
        (1) a *non-owned car*; or
        (2) a *temporary substitute car*.

ECF No. 33-1 at 3-4.

"Your car" is defined in the policies as "the vehicle shown under 'YOUR CAR' on the Declarations Page. Your car does not include a vehicle that you no longer own or lease." *Id.* at 4. The Declarations Page on all three policies provides that the "Named Insured" is "Hall, Ray," and the cars listed as "Your Car" in the policies are the "1996 Chevrolet C3500," "2001 Ford F150," and "2006 Volvo S80," respectively. *See* ECF No. 33-5 at 2; ECF No. 33-6 at 2; ECF No. 33-7 at 2.

The PLUP policy provides, in relevant part, the following provisions:

**DEFINITIONS**

6. "**insured**" means: **[Y]ou** and **your relatives** whose primary residence is your household.

**EXCLUSIONS**

There is no coverage under the policy for any:

    8. **loss** arising out of:

        a. the entrustment to any person by any **insured**;

        b. the supervision of, or the failure to supervise, any person by any **insured** with regard to the ownership, maintenance or use; or

        c. any liability imposed by an owner's liability statute or similar law on any **insured**, with regard to the ownership, maintenance or use;

of any automobile, recreational motor vehicle, watercraft, aircraft or any other motorized vehicle, unless required underlying insurance applies to the loss and provides coverage that pays for the loss in the amount shown as Minimum Underlying Limits on the [D]eclarations [P]age.

ECF No. 33-1 at 6-7.

At the time of the accident, Father and Mother resided at a home on Union Church Road in Leesville, South Carolina. *Id.* at 6. Meanwhile, Daughter lived in a home on Avondale Drive in Columbia, South Carolina. *Id.* The home at Avondale Drive was titled in the names of Father, Mother, and Daughter. ECF No. 45 at 7. Daughter lived with roommates, worked full-time as a

3

veterinary technician, and had the water and electricity in her name and paid those utilities herself. ECF No. 46 at 3.  She also rarely returned to her parents' home, except for a night or two.  *Id.*

Defendant Ferguson brought an action against Daughter for negligence and against Father and Mother for negligent entrustment, negligent supervision, and for liability under the family purpose doctrine in South Carolina state court.  *Id.* at 3.  Plaintiff, issuer of the automobile liability insurance policies and PLUP policy to Father and Mother for all of the cars, except the 2001 Blazer, instituted this declaratory judgment action on September 15, 2014, seeking a declaration that Plaintiff was not liable for any damage caused by the underlying accident.

Plaintiff filed a motion for summary judgment on May 4, 2015.  The Court, having been fully briefed on the relevant issues, is now prepared to make a determination on the merits of the motion.

### III.    STANDARD OF REVIEW

#### A.    Summary Judgment

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the

opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require

5

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### B.     Policy Interpretation

Under South Carolina law, insurance policies are subject to the general rules of contract construction. *Nationwide Mut. Ins. Co. v. Commercial Bank*, 479 S.E.2d 524, 526 (S.C. 1996). The Court must afford policy language its plain, ordinary, and popular meaning. *Diamond State Ins. Co. v. Homestead Indus. Inc.*, 456 S.E.2d 912, 915 (S.C. 1995). The meaning of a particular word or phrase is not determined by considering the word or phrase by itself, but by reading the policy as a whole and considering the context and subject matter of the insurance contract. *Yarborough v. Phoenix Mut. Life Ins. Co.*, 225 S.E.2d 344, 349 (S.C. 1976).

The insurer's duty under a policy of insurance is set forth by the terms of the policy and cannot be enlarged by judicial construction. *South Carolina Ins. Co. v. White*, 390 S.E.2d 471, 474 (S.C. 1990). When ambiguous or conflicting terms are found in an insurance policy, however, those terms must be construed liberally in favor of the insured and strictly against the insurer. *Diamond State Ins. Co.*, 456 S.E.2d at 915.

The extent to which courts interpret the language of an insurance policy differently is evidence of ambiguity. *Greenville Cty. v. Ins. Reserve Fund*, 443 S.E.2d 552, 553 (S.C. 1994).

Courts may look to a dictionary to decipher the meaning of ambiguous, undefined terms. *Id.* Nevertheless, if the intent of the parties is clear, the Court has no authority to torture the meaning of policy language or to extend or defeat coverage that was never intended by the parties. *Diamond State Ins. Co.*, 456 S.E.2d at 915.

Where a motion for summary judgment presents a question pertaining to the construction of a written contract, the question is one of law if the language employed by the contract is plain and unambiguous. *Moss v. Porter Bros.*, 357 S.E.2d 25, 27 (S.C. 1987). Summary judgment is appropriate in such a case where the intention of the parties regarding the legal effect of the contract may be gathered from its four corners. *Id.*

It is the insured's burden to establish that a claim falls within the coverage of an insurance contract. *Gamble v. Travelers Ins. Co.*, 160 S.E.2d 523, 525 (S.C. 1968). Alternatively, the insurer shoulders the burden of establishing the exclusion to coverage. *Boggs v. Aetna Cas. & Sur. Co.*, 252 S.E.2d 565, 568 (S.C. 1979).

**IV.     CONTENTIONS OF THE PARTIES**

Plaintiff alleges that Daughter does not qualify as an "insured" under any of the automobile liability insurance policies or under the PLUP policy. Plaintiff also avers that the family purpose

7

doctrine is inapplicable under the facts of this case.  Plaintiff further argues that there is no insurance coverage available for any loss arising from the underlying accident under the terms of any of Plaintiff's automobile liability insurance policies.  Finally, Plaintiff claims that the causes of action brought by Defendant Ferguson against Father and Mother in the underlying state court action are excluded from coverage by the terms of the PLUP policy.  Defendants dispute each of these assertions.

## V.     DISCUSSION AND ANALYSIS

As observed above, Plaintiff's automobile liability insurance policies define "insured" to include "you [the named insured] and your resident relatives."  ECF No. 33-1 at 3.  In the same manner, the PLUP policy specifies that "insured" means "you [the named insured] and your relatives whose primary residence is your household."  *Id.* at 6.  Given that Father is the named insured on all these policies, but Daughter is the one who caused the underlying accident, the Court must first determine whether Daughter qualifies as an "insured" under these policies.

In determining whether Daughter was a resident or member of Father's household, the Court will use the test adopted by the South Carolina Supreme Court in *State Farm Fire & Casualty Co.*

*v. Breazell*, 478 S.E.2d 831 (S.C. 1996), which makes the residence determination based on an evaluation of three factors:

> 1) living under the same roof; 2) in a close, intimate and informal relationship[;] and 3) where the intended duration of the relationship is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship in contracting about such matters as insurance or in their conduct in reliance thereon.

*Id.* at 832.

In this case, Daughter and her parents did not live under the same roof. Rather, as described above, Daughter lived in a home titled in her name and the names of her parents, but Father and Mother lived in a separate residence. Daughter lived with roommates, worked full-time as a veterinary technician, and had the water and electricity in her name and paid those utilities herself. ECF No. 46 at 3. She also rarely returned to her parents' home, except for a night or two. *Id.* The facts of this case are similar to those in *Richardson v. South Carolina Farm Bureau Mutual Insurance Co.*, 519 S.E.2d 120 (S.C. Ct. App. 1999), in which the court found that the daughter, a full-time graduate student, was not a resident of her father's household because she did not have enough contact with her father's residence to qualify as a resident. *Id.* at 122. There, the daughter qualified as a "transient visitor" because she worked regularly in Charleston and "she [spent only] a portion of the summers with her parents twice, and the remaining time was spent in Charleston."

*Id.* at 122-23.  Where, as here, Daughter lived in a separate residence from that of her parents, had been graduated from college, worked full-time, and paid her own rent and utilities, Daughter is not a resident of her parents' household.  Thus, Daughter does not qualify as an "insured" under any of Father's insurance policies.

Plaintiff also claims in support of its motion for summary judgment that the family purpose doctrine does not apply given the facts of this case.  "Under the family purpose doctrine, the head of a family who owns, furnishes, and maintains a vehicle for the general use and convenience of his family is liable for the negligence of a family member having general authority to operate the vehicle for such a purpose."  *Thompson v. Michael*, 433 S.E.2d 853, 855 (1993).  However, the family purpose doctrine is inapplicable where a parent does not own, maintain, or furnish the automobile for general family use.  *See Evans v. Stewart*, 636 S.E.2d 632, 635 (S.C. Ct. App. 2006) ("Even if a parent owns the car, it must be determined whether the parent provided the car for the general use and convenience of the family, and if the car was not provided for the general use and convenience of the family, there is no relationship of principal and agent at the time of the wreck to impose liability on the parent.").  In this case, only Daughter used the 2001 Blazer, she kept the vehicle at the Avondale residence where she resided apart from her parents, and she handled routine maintenance on the vehicle. ECF No. 33-1 at 9.  Under these facts, the family purpose doctrine does

10

not apply to this case because the 2001 Blazer was not provided for the general use and convenience of the family, and Plaintiff consequently is not liable under the family purpose doctrine.

Given that these holdings are dispositive of the case, the Court need not address the parties' remaining arguments.

**VI.    CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiff's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 23rd day of November, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
